IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Richard T. Washington,<br>    Petitioner, | )<br>)<br>) | |
| v. | ) | 1:12cv1400 (GBL/IDD) |
| Harold W. Clarke,<br>    Respondent. | )<br>)<br>)<br>) | |

MEMORANDUM OPINION

THIS MATTER is before the Court on respondent's motion to dismiss Richard T. Washington's pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case concerns Washington's challenge to the Court & Legal Sections of the Virginia Department of Corrections' ("VDOC") calculation of his earned sentence credits and its calculation of his active sentence. Respondent filed his motion to dismiss on April 9, 2013, and petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has filed no reply. Upon careful review, the Court finds that this habeas corpus application must be dismissed because petitioner does not have a liberty interest in VDOC's calculation of his earned sentence credits.

I. Background

On September 30, 2009, the County of Henrico, Virginia's Sheriff's Department arrested petition and incarcerated him at the Henrico County Jail West. Typed compl. ¶1; resp't's mot dismiss ¶14. On April 28, 2010, the Henrico County Circuit Court sentenced Petitioner to five years with four years suspended for unlawful wounding and five years for possession of a firearm by felon with violent offense. Typed compl. ¶ 2; resp't's mot dismiss ¶ 9. Petitioner's total active sentence was six years. Id. The Henrico County Jail West retained responsibility for

petitioner until July 7, 2010, the day on which petitioner became a state responsible inmate. Typed compl. ¶ 1; resp't's mot dismiss ¶10. Pursuant to Va. Code § 53.1-202.2, petitioner was entitled to earned sentence credits while incarcerated at Henrico County Jail West. Typed compl. ¶¶ 4, 6; resp't's mot dismiss ¶ 15.

Petitioner argues his sentence is being calculated in a manner that extends his active jail time by two days, in violation of his Fourteenth Amendment rights. Typed compl. ¶ 8. In support, he makes two claims: (1) that the VDOC "has deprived him of two (2) days of jail credits," typed compl. ¶ 8, for "the 281 days he actually spent in the custody of the Henrico County Jail," id. at ¶ 2, and (2) that "the Court & Legal Sections of the VDOC utilized a contrary calculating system to extend Petitioner's release date," id. at ¶ 6. Respondent argues that petitioner's first claim regarding the two days of jail credit was not exhausted, resp't's mot dismiss ¶ 3, and that "petitioner's time computation record has been accurately computed," id. ¶ 16.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526

U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

Applied here these principles compel the conclusion that petitioner's first claim, that the VDOC has deprived him of two days of jail credits, is procedurally barred from federal review because petitioner has never presented it to the Virginia Supreme Court; the claim remains unexhausted. See mem sup. def's mot dismiss at ex. A 6-8; Matthews, 105 F.3d at 910. Moreover, it is clear that this claim would now be barred if petitioner attempted to bring it in the state forum, as it would be both untimely and successive, in contravention of Va. Code §§ 8.01-654(A)(2) and 8.01-654(B)(2), respectively. Since the Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision," Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997), petitioner's first claim is procedurally defaulted from federal consideration.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the

state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). In this case, petitioner makes no showing of cause and prejudice or a fundamental miscarriage of justice. Thus, petitioner's first claim is procedurally barred from consideration on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## IV. Analysis

In his second claim, petitioner asserts that his Fourteenth Amendment rights were violated because the Court & Legal Sections of the VDOC improperly calculated his earned sentence credits. Typed compl. ¶ 6. Specifically, petitioner argues that "in violation of [Va. Code] § 53.1-202.2, the Court and Legal Sections of the VDOC utilized a contrary calculating system to extend Petitioner's release date to December 8, 2014." Id. When petitioner raised this claim in his state habeas petition, the Virginia Court of Appeals denied the claim stating:

> The Court holds that this [claim] which concerns the rate at which petitioner's good conduct or sentence credit is calculated, is not cognizable in a petition for a writ of habeas corpus because an order entered in petitioner's favor ... will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence.

Washington v. Dir. Dep't Corr., R. No. 111899 (Va. May 29, 2013). The Fourteenth Amendment provides, in part, that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1 ("Due Process Clause"). To satisfy the "elementary and fundamental requirement[s] of due process," individuals are entitled to notice and an opportunity to be heard concerning any deprivation of life, liberty, or property. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The Due Process Clause, thus, applies when government action deprives an individual of a legitimate liberty or property interest. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Liberty interests "may arise from the Constitution itself, by reason of guarantees implicit in the word liberty, ... or [they] may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (internal citations and quotations omitted). Virginia law does not create a liberty interest

in receiving earned sentence credits to gain an early release from a prison sentence. Puranda v. Johnson, No. 08-687, 2009 WL 3175629, at * 5 (E.D. Va. Sept. 30, 2009).

As petitioner does not have a liberty interest in receiving earned sentence credits to gain an early release from prison, Puranda, No. 08-687 at *5, the VDOC could not have violated his Fourteenth Amendment due process rights because the due process clause does not apply to VDOC's actions, see Bd. of Regents of State Colls., 408 U.S. at 569. For that reason, the state courts' rejection of Washington's argument was neither contrary to nor an unreasonable application of the controlling federal law because the Supreme Court of Virginia did not "arrive[] at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law." Williams, 529 U.S. at 413. Thus, the same result must be reached here. Williams, 529 U.S. at 412-13.

**V. Conclusion**

For the above-stated reasons, respondent's Motion to Dismiss will be granted. An appropriate order shall issue.

Entered this 22nd day of November 2013.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia